**UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| **MAYUR PATEL a/k/a MIKE PATEL,** | ) | **Case No. 15-11648 (AMC)** |
| *et al.,* | ) | **(Jointly Administered)** |
| | ) | |
| Debtors. | ) | |
| | ) | |

**MOTION OF TORONI REAL ESTATE PARTNERSHIP FOR
RELIEF FROM THE AUTOMATIC STAY FOR LIMITED PURPOSE
OF ALLOWING ARBITRATOR TO ISSUE DAMAGES RULING**

Toroni Real Estate Partnership (**"Toroni"**), by and through its undersigned counsel, hereby moves for entry of an order pursuant to 11 U.S.C. § 362(d)(1) granting relief from the automatic stay for the limited purpose of allowing the Arbitrator (as hereinafter defined) to issue his damages ruling to assist in the liquidation of Toroni's claims against Mayur Patel (**"Patel"**) and SJM Limited (**"SJM"** and, collectively with Patel, **"Debtors"**).  In support of this Motion, Toroni states as follows:

**Venue and Jurisdiction**

1.    The United States Bankruptcy Court for the Eastern District of  Pennsylvania (the **"Bankruptcy Court"**) has jurisdiction over this matter, which is a core matter, pursuant to 28 U.S.C. §§ 1334 and 157(a), (b)(1) and (2)(G).  The statutory predicate for the relief requested herein is 11 U.S.C. § 362(d)(1).

2.    Venue in this Court is predicated upon 28 U.S.C. § 1409.

**BACKGROUND**

**A.    The Lease**

3.    On or about May 27, 2008 (the **"Lease Date"**), Toroni as landlord, SJM as tenant, and Patel as guarantor entered into a Lease Agreement (the **"Lease"**) for commercial space at 535 Lancaster Avenue, Berwyn, Chester County, Pennsylvania (the **"Premises"**).

4.      The Lease gave SJM ninety days from the Lease Date (the **"Approval Period"**) to seek and obtain the permits, licenses and/or approvals (the **"Approvals"**) necessary to operate a Dunkin' Donuts, Baskin Robbins and/or Togo's at the Premises.  *See* Lease § 3.  SJM had the right to terminate the Lease within the Approval Period if certain contingencies were not met (*e.g*., if the Approvals were not obtained).  *Id.*  Otherwise, the contingencies were waived and Lease would commence for a period of 123 months (the **"Initial Term"**).  *Id.*

5.      Under the applicable terms of the Lease, SJM was required to pay, as minimum rent, monthly installments of $1.00 for the first three months of the Lease, and thereafter[1] annual rent of $90,000 for years 1 and 2, $96,000 for years three through five, and $100,8000 for years six through ten (the **"Minimum Rent"**).  *See* Lease § 4.  The Lease also required SJM to pay additional rent, including without limitation a portion of the taxes on the Premises, fire insurance premiums, water and sewer charges, electric service, trash removal, other utilities, and any and all damages, costs and expenses, including legal fees, incurred by Toroni as a result of SJM's failure to comply with the covenants of the Lease (the **"Additional Rent"** and, collectively with the Minimum Rent, the **"Rent"**).  *See* Lease § 6.

6.      Upon a default by SJM, the Lease authorized Toroni to accelerate the whole balance of all Rent currently owed and to become due throughout the term of the Lease.  *See* Lease § 14(d)(1).  Events of default occurred under the Lease as a result of the failure of SJM or Patel to pay the Rent when due from and after February 2009.  *See* Lease § 14(a).

**B.      The Arbitration**

7.      Accordingly, in 2010, Toroni initiated arbitration proceedings against SJM and Patel, *Toroni Real Estate Partnership v. SJM Limited & Mayur Patel* (the **"Arbitration"**) for

---

[1]  It was later agreed that the full rent payment of $7,500/month ($90,000/year) would commence in February 2009.

unpaid Rent and other damages.  The parties agreed to bifurcate the Arbitration into liability and damages phases.  The liability hearing was held on November 12, 2012.

8.       On October 8, 2013, arbitrator George C. Zumbano (the **"Arbitrator"**) entered an Amended Arbitration Award (the **"Award"**) in favor of Toroni and against Debtors on the issue of liability.  The Award expressly found that SJM failed to terminate the Lease within the Approval Period, such that SJM waived any contingencies and the Lease went into full force and effect.  *See* Award at 2 (ruling that "[f]ailure by the tenant to issue any notice of termination of the lease following the ninety day period results in the lease being in full force and effect").

9.       After the issuance of the Award, a damages hearing proceeded on February 28, 2015.  Toroni asserted damages of $1,272,538.  Debtors countered that Toroni's damages were between $274,000 and $465,000.

## C.       The Bankruptcy Filings

10.      The Arbitrator was expected to imminently issue his ruling on damages when, on March 10, 2015 (the **"Patel Petition Date"**), Patel filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code (the **"Bankruptcy Code"**) in the Bankruptcy Court.

11.      On or about March 19, 2015 (the **"SJM Petition Date"** and, collectively with the Patel Petition Date, the **"Petition Dates"**), SJM filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the Bankruptcy Court.  The Debtors' bankruptcy cases are being jointly administered under Bankruptcy Rule 1015.

12.      Toroni filed timely proofs of claim (the **"Toroni Claims"**) in the amount of $1,272,538 in each of the Debtors' bankruptcy cases.  The Toroni Claims were respectively designated Claim No. 4 on Patel's claims register, and Claim No. 1 on SJM's claims register.

13.    On November 10, 2015, the Debtors filed their Objection of Debtors to Proofs of Claim of Toroni Real Estate Partnership (Claim No. 4. and Claim No. 1) [Docket No. 113] (the **"Claim Objection"**), contending that 11 U.S.C. § 502(b)(6) applies to cap the Toroni Claims. Debtors contend the Toroni Claims "should only be allowed as unsecured claims in an amount not to exceed $90,000."   Claim Objection ¶ 42.   Toroni disputes that 11 U.S.C. § 502(b)(6) applies, and contends that, even if it does apply, Debtors apply it incorrectly.   A hearing on the Claim Objection is presently scheduled for June 6, 2016.

## **Relief Requested**

14.    Toroni respectfully requests that this Court enter an order pursuant to section 362(d) of the Bankruptcy Code modifying the automatic stay for the limited purpose of allowing the Arbitrator to issue his damages ruling.   The relief requested herein will assist the Bankruptcy Court and the parties in adjudicating the Claim Objection.

15.    In pertinent part, section 362(d) of the Bankruptcy Code provides:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay . . . (1) for cause, including lack or adequate protection of an interest in property of such party in interest.

11 U.S.C. § 362(d).[2]   Because "cause" is not defined in the Bankruptcy Code, courts must decide what constitutes cause on a case-by-case basis.   *See In re Rexene Products Co.*, 141 B.R. 574, 576 (Bankr. D. Del. 1992).   In resolving stay relief motions, "Courts consider three factors: (1)

---

[2] Section 102(3) of the Bankruptcy Code provides that "includes" and "including" are not limiting and, therefore, cause can exist for many reasons including but not limited to, lack of adequate protection.  The legislative history of 11 U.S.C. § 362(d) provides:

> The lack of adequate protection of an interest in property of the party requesting relief from the automatic stay is one cause for relief, but is not the only cause.  Other causes might include the lack of any connection with or interference with the pending bankruptcy case. … In that case, it should not be stayed.

H.R. No. 95-595, 95th Cong., 1st Sess. 343-4 (1977).

the prejudice that would be suffered should the stay be lifted; (2) the balance of the hardships

facing the parties; and (3) the probable success on the merits if the stay is lifted." *American*

*Airlines, Inc. v. Continental Airlines, Inc. (In re Continental Airlines, Inc.)*, 152 B.R. 420, 424

(D. Del. 1993).

16.     Here, neither Debtors nor their estates will suffer any prejudice if the stay is

lifted; rather, the balance of the hardships facing the parties strongly supports lifting the stay.

The Arbitration had already been proceeding for nearly five (5) years at the time of Debtors'

bankruptcy filings, during which time the Arbitrator became familiar with the relevant

background and issues underlying the Toroni Claims.  Following extensive submissions by the

parties, the Arbitrator conducted two hearings – one on liability and one on damages – at which

the parties had ample opportunity to present their substantive arguments concerning Toroni's

damages arising from the Debtors' breach of the Lease.  The Arbitrator had already issued his

liability ruling, and all that remained to be done in the Arbitration as of the Petition Dates was

for the Arbitrator to issue his damages ruling.  The relief requested herein will not only promote

judicial economy by relieving this Court from duplicating the efforts that have already been

undertaken by the Arbitrator, but also conserve the resources of the parties, who should not be

forced or permitted to relitigate non-bankruptcy issues that are ripe for the Arbitrator to decide.

17.     While the Debtors are entitled to a ruling from this Court on the applicability of

section 502(b)(6) and any other bankruptcy-related issues, they are not entitled to a "do-over" of

the Arbitration.  Although section 502(b)(6) is the primary basis of the Claim Objection, Debtors

contend in a footnote in the Claim Objection that "Patel disputes that he is a guarantor, disputes

that he was contractually bound to the Lease, disputes that the Lease became effective or that he

knowingly and voluntarily agreed in the purported Lease or Guaranty to arbitrate the dispute."

Claim Objection at 3 n.2.  The legal insufficiency of these barebones allegations aside, the time

to have raised such arguments was in the Arbitration.  Debtors either failed to do so, or did so

unsuccessfully, and the Arbitrator made a binding determination of liability against both Debtors,

jointly and severally.  Only the amount of Toroni's damages remained to be determined as of the

Petition Dates.  Common law arbitration awards are binding and "not reviewable on the basis of

error of law or fact by the arbitrators" and "may not be vacated 'unless it is clearly shown that a

party was denied a hearing or that fraud, misconduct, corruption or other irregularity caused the

rendition of an unjust, inequitable or unconscionable award." *Sacred Heart Hosp. of Norristown*

*v. Independence Blue Cross (In re Sacred Heart Hosp. of Norristown*, 200 B.R. 826, 833 (Bankr.

E.D. Pa. 1996).  The fact that Debtors may be unhappy with the results of the Arbitration is not

prejudice of a sort that should prevent the stay relief requested herein.

18.    The relief requested herein will assist the Bankruptcy Court and the parties in

liquidating the Toroni Claims regardless of whether 11 U.S.C. § 502(b)(6) applies.  If – as

Toroni contends – the cap does not apply, the Arbitrator's damages ruling will essentially

determine the amount of the Toroni Claims.  On the other hand, even if Debtors can demonstrate

that the cap applies, the amount of the Toroni Claims must first be ascertained by reference to the

Lease and applicable state law, and then adjusted in accordance with the cap.  *See In re Peters*,

No. 03-11077-DWS, 2004 WL 1291125, *2 (Bankr. E.D. Pa. 2004) (when the cap applies, "[t]he

total amount of a landlord's damage claim must be computed under applicable non-bankruptcy

law and then compared with, and limited by, the statutory maximum provided in section

502(b)(6).").  *See also Titus & McConomy, LLP v. TrizecHahn Gateway, LLC (In re Titus &*

*McConomy)*, 375 B.R. 165, 171 (Bankr. W.D. Pa. 2007).

17093565v.1

19.     To the extent the final factor – Toroni's probable success on the merits if the stay is lifted – applies, only a minimal showing of success is required.  *See Rexene Products*, 141 B.R. at 578.   Here, the Arbitrator has already ruled in Toroni's favor on liability; a damages ruling was imminent when Debtors filed for bankruptcy protection.   Upon information and belief, Debtors' bankruptcy filings were precipitated by their anticipation that Arbitrator would issue a damages ruling favorable to Toroni.   As such, this element is easily satisfied.

### Notice and Prior Applications

20.     Notice of this Motion has been given to the Debtors, Debtors' counsel, the U.S. Trustee, the Arbitrator, and all creditors.   Toroni submits that no other or further notice need be given.   No previous application for the relief sought herein has been made to this or any other Court.

### Request for Waiver of Fed. R. Bankr. P. 4001(a)(3)

21.     Normally, an order granting a stay relief motion is "stayed until the expiration of 14 days after the entry of the order, unless the court orders otherwise."   Fed. R. Bankr. P. 4001(a)(3).  Toroni seeks a waiver of the stay provided by Fed. R. Bankr. P. 4001(a)(3) to allow the Arbitrator to issue his damages ruling without further delay.

### Conclusion

22.     Under the circumstances, cause exists to lift the automatic stay pursuant to 11 U.S.C. § 362(d)(1) for the limited purpose of allowing the Arbitrator to issue his damages ruling, which will assist the Court and the parties in liquidating the Toroni Claims.

WHEREFORE, Toroni respectfully requests that this Honorable Court enter an Order in the form annexed hereto:

(a)     Granting the relief from the automatic stay for the limited purpose of allowing the Arbitrator to issue his damages ruling; and

17093565v.1

(b)      Granting Toroni any and all additional relief that the Court deems appropriate.


Dated: May 13, 2016                    **WHITE AND WILLIAMS LLP**


                                       */s/ Amy E. Vulpio*
                                       Amy E. Vulpio
                                       PA I.D. No. 84477
                                       1650 Market Street, 18th Floor
                                       Philadelphia, PA  19103
                                       (215) 864-7000
                                       vulpioa@whiteandwilliams.com

                                       *Counsel for Toroni Real Estate Partnership*