**UNITED STATES BANKRUPTCY COURT FOR THE**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re: | : |
| | : **CHAPTER 11** |
| **MAYUR PATEL a/k/a MIKE PATEL,** | : |
| *et al.*, | : **CASE NO. 15-11648 (AMC)** |
| | : (***JOINTLY ADMINISTERED***) |
| Debtors. | : |
| | : |
| **MAYUR PATEL a/k/a MIKE PATEL** | : |
| | : |
| Plaintiff, | : **ADVERSARY NO. 17-** |
| | : |
| vs. | : |
| | : |
| **JATIN PATEL,** | : |
| | : |
| Defendant. | : |

## COMPLAINT

Mayur Patel a/k/a Mike Patel ("Patel") (the "Debtor"), by and through its undersigned

counsel, Obermayer Rebmann Maxwell & Hippel LLP, hereby files this Complaint (the "Complaint")

against Jatin Patel (the "Defendant"), and in support thereof, respectfully state as follows:

## NATURE OF ACTION

1.    This is an adversary proceeding brought by the Debtor against the Defendant, to

recover moneys which are due and owing to the Debtor from the Defendant on account of moneys

loaned and received, but which are being improperly withheld from the Debtor by the Defendant, for

the turnover of property pursuant to 11 U.S.C. § 542, and for related relief.

2.    The withholding of said funds by the Defendant is improper, and is causing significant

harm to the Debtor and his estate.

## THE PARTIES

3.      The Debtor is an individual and resident of the City of Philadelphia, Pennsylvania

4.      The Defendant is an individual and a resident of the state of New Jersey with a residence located at 45 Princeton Road, Piscataway New Jersey.

## JURISDICTION AND VENUE

5.      This adversary proceeding arises in and relates to the Chapter 11 case of the Debtor which is now pending in this district.  The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(a), (b)(1) and 1334(b).

6.      This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E) and (O).  To the extent not core the claims are related to the instant Chapter 11 proceedings.

7.      Venue in this District is proper pursuant to 28 U.S.C. § 1409.

## BACKGROUND

8.      On March 10, 2015 (the "Patel Petition Date"), Patel filed voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq*. (as amended, the "Bankruptcy Code").

9.      On March 19, 2015 (the "SJM Petition Date"), SJM Limited, LLC ("SJM", together with Patel the "Debtors") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

10.      On March 30, 2015, the Debtors filed a Motion seeking the joint administration of the Debtors Chapter 11 bankruptcy cases.

11.      On May 6, 2015, this Court entered an Order granting joint administration of the Debtors bankruptcy estates.

12.    No request has been made for the appointment of a trustee or examiner, and no official committee has yet been established in these cases.

13.    The Debtor Patel lent moneys to the Defendant, his cousin, to assist his cousin in his business.

14.    Defendant indicated he needed money for his business and that it would fail without the moneys.

15.    Defendant received a loan from the Debtor (the "Loan") in the amount of $40,000.00.

16.    The Loan was payable and to be repaid on demand with interest.

17.    On February 6, 2017 demand for repayment of the Loan was made to the Defendant, who has failed and/or refused to repay the Loan.

18.    The Defendant is in default of his obligation to repay the Loan, which remains due and payable without offset, reduction or credit.

19.    Defendant has made no effort to repay the Loan following demand and Debtor believes and therefore avers that at the time of taking the Loan the Defendant had no present intention to repay the Loan.

20.    As of this date, the Defendant has failed and/or refused to repay the Loan.

## COUNT ONE
## TURNOVER OF PROPERTY OF THE ESTATE

21.    The Debtor repeats the allegations in the previous paragraphs of this Complaint as if fully set forth herein.

22.    The Defendant is currently in possession of the amount due on the Loan, which is due and owing to the Debtor without offset, reduction or defense.

23.    Despite demand being made by the Debtor on February 6, 2017, the Defendant has refused to turnover the amount due on the Loan to the Debtor.

24.     The amount on the Loan is property of the Debtor's estate under Section 541 of the Bankruptcy Code.

25.     The amount of the loan is not of in consequential value to the Debtor's estate.

26.     The amount of the loan can be used, leased or sold by the Debtor.

27.     The Defendant is not a custodian in possession, custody or control of the amount of the loan.

28.     Section 542 of the Bankruptcy Code permits the Debtor to seek a turn over of all property of the Debtor's estate, including the proceeds of the Loan.

29.     The Loan is a sum certain and due in full without offset, credit or defense.

30.     The Loan is an asset subject to turnover.

WHEREFORE, the Debtor respectfully requests that this Court enter judgment in favor of the Debtor and against the Defendant, ordering that he turn over of all property of the Debtor's Estate including the Loan, and granting judgment in Debtor's favor for all damages, interest from the date of the Loan to judgment, post judgement interest, attorney's fees and cost of suit and such other and further relief as this Court deems necessary and just.

## COUNT TWO
## PROMISSORY FRAUD

31.     The Debtor repeats and realleges allegations in the previous paragraphs of this Complaint as if fully set forth herein.

32.     At the time of making the Loan, the Defendant lacked the present intention wherewithal or desire to repay the Loan.

33.     Defendant harbored and concealed from the Debtor his intentions not to repay the Loan.

34.     The concealing of the Defendant's true intentions was the cause in fact of Debtor's loss, and the proximate cause of the Debtor's losses.

35.     The acts of the Defendant are outrageous, unlawful, willful and oppressive and justify the imposition of punitive damages.

WHEREFORE, the Debtor respectfully requests that this Court enter judgment in favor of the Debtor for all damages, interest from the date of the Loan to judgment, post judgement interest, attorney's fees and cost of suit, punitive damages, and such other and further relief as this Court deems necessary and just.

## COUNT THREE
## BREACH OF CONTRACT

36.     The Debtor repeats and realleges the allegations in the previous paragraphs of this Complaint as if fully set forth herein.

37.     The Defendant induced Debtor to make the Loan.

38.     The Defendant promised to repay the Loan on demand of the Debtor.

39.     The Defendant received consideration for the Loan.

40.     The Loan was not a gift or gratuity.

41.     There was a binding and enforceable contract between the Debtor and the Defendant. That the Debtor would and did in fact loan $40,000.00 to the Defendant in exchange for, among other consideration, the Defendant's promise to repay the $40,000.00 on demand with interest.

42.     Debtor made demand for the repayment of the Loan.

43.     Defendant refused to repay the Loan.

44.     Defendant's refusal to repay the loan is a breach of the contract underlying the Loan including the promise to repay the Loan.

WHEREFORE, the Debtor respectfully requests that this Court enter judgment in favor of the Debtor and against the Defendant, for breach of the contract underlying the Loan, and granting judgment in Debtor's favor for all damages, interest from the date of the Loan to judgment, post judgement interest, attorney's fees and cost of suit and such other and further relief as this Court deems necessary and just.

## COUNT FOUR
## UNJUST ENRICHMENT

45.    The Debtor repeats and realleges the allegations in the previous paragraphs of this Complaint as if fully set forth herein.

46.    Defendant received the Loan knowing that the Debtor expected repayment and agreed to repay the Loan on demand with interest.

47.    Debtor was not a volunteer, nor was the Loan a gift.

48.    Defendant agreed to repay the Loan with interest.

49.    Defendant has retained the benefit of the Loan without repaying same.

50.    It would be unjust to allow the Defendant to retain the loan proceeds without repayment.

51.    Defendant would therefore be unjustly enriched by the retention of the Loan proceeds without being required to repay same to the Debtor.

52.    The Debtor's estate would be diminished were Defendant were permitted to retain the Loan proceeds without repaying same.

WHEREFORE, the Debtor respectfully requests that this Court enter judgment in favor of the Debtor and against the Defendant, for unjust enrichment, and granting judgment in Debtor's favor for all damages, interest from the date of the Loan to judgment, post judgement interest, attorney's fees and cost of suit and such other and further relief as this Court deems necessary and just.

Respectfully submitted,


Dated: March 27, 2017                    By:    /s/ Edmond M. George
                                         Edmond M. George, Esquire
                                         Obermayer Rebmann Maxwell & Hippel, LLP
                                         Center Square West, Suite 3400
                                         1500 Market Street
                                         Philadelphia, PA  19102-1895
                                         Phone:  (215) 665-3140
                                         Fax:  (215) 665-3165
                                         *Counsel to the Debtors*