**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| *In re*: | Chapter 11 |
| **Mayur Patel**, *et al.*, | Case No. 15-11648 (AMC) |
| | (Jointly Administered) |
| **Debtors.** | |

## ORDER CONFIRMING PLAN

AND NOW, this ____ day of _____, 2017, upon consideration of the Second Amended Joint Plan of Reorganization of the Debtors in Possession Mayur Patel ("Patel") and SJM Limited, LLC ("SJM"), dated October 16, 2017 [Docket No. 253] (the "Plan"),[1] and the Court having considered the entire record before it in this case, including the Second Amended Disclosure Statement in support of the Plan (the "Disclosure Statement"), and all documents and the offer of proof and arguments made in support of the confirmation of the Plan at the Confirmation Hearing on November 29, 2017, and the Plan and Disclosure Statement having been transmitted to Creditors, and it having been determined at the Confirmation Hearing, on notice, that the requirements set forth in Section 1129(b) of the Bankruptcy Code have been satisfied:

IT IS HEREBY ORDERED, ADJUDGED and DECREED as follows:

1. The Plan is hereby confirmed pursuant to Section 1129(b) of the Bankruptcy Code and approved in all respects, the Debtors having established its compliance with Section 1129(a)(1) through (7) and (9) through (12) and 1129(b) of the Bankruptcy Code, as applicable.

2. Except as set forth specifically in the Plan or in this Order, any pre-Petition Date executory contracts or unexpired leases which have not been assumed or rejected, are hereby

---

[1] All capitalized terms in this Order not otherwise defined shall have the meaning ascribed to them in the Plan, the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq*. (as amended, the "Bankruptcy Code") and/or the Federal Rule of Bankruptcy Procedure (the "Rules").

5210939

rejected and the Plan shall constitute a motion to reject such executory contracts or unexpired leases and this Order hereby constitutes an order approving such rejection of the executory contracts and unexpired leases on the Confirmation Date, pursuant to Section 365 of the Bankruptcy Code, effective as of the Effective Date, provided, however, that the Debtors' contractual obligations under the franchise agreements with Dunkin' Donuts, to the extent executory, are hereby assumed.

3. In order to allow Patel to make the Initial New Value Contribution in accordance with Article III of the Plan, Wells Fargo Bank, N.A. and its affiliates are directed to immediately release any hold or impediment instituted in connection with the Debtors' bankruptcy proceedings on the bank accounts of Majula Patel, accounts ending in 3816 and 0612 and listed by Mayur Patel in his Statement of Financial Affairs as property being held for another, upon receipt of this Confirmation Order.

4. On or before the Effective Date of the Plan, the Debtor shall pay statutory quarterly fees and shall continue to pay statutory fees until this case is converted, dismissed or closed.

5. In accordance with Bankruptcy Rules 2002 and 3020(c), within five Business Days of the entry of the Confirmation Order, the Debtors shall serve a copy of the Confirmation Order by first-class, postage prepaid U.S. mail to: (a) the United States Trustee; (b) all holders of Claims and Interests; (c) the Securities and Exchange Commission; and (d) all other parties-in-interest.

BY THE COURT:

Honorable Ashely M. Chan
United States Bankruptcy Judge

cc: Attached Service List

5210939

**SERVICE LIST**

Office of the United States Trustee
833 Chestnut Street, Suite 500
Philadelphia, PA  19107

Michael D. Vagnoni, Esquire
Obermayer Rebmann Maxwell & Hippel LLP
Centre Square West, Suite 3400
1500 Market Street
Philadelphia, PA 19102

5210939