**UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| *In re*: | **:** **Chapter 11** |
| | **:** **Case No. 15-11648 (AMC)** |
| | **:** **(Jointly Administered)** |
| **Mayur Patel**, *et al.*, | **:** |
| | **:** **Hearing Date: August 22, 2018** |
| **Debtors.** | **:** **Hearing Time: 11:00 a.m.** |
| | **:** **Hearing Place: Courtroom #5** |
| | **:** |

**MOTION FOR THE ENTRY OF A FINAL DECREE AND TO CLOSE
THE DEBTOR'S CHAPTER 11 CASE**

Mayur Patel ("Patel") and SJM Limited, LLC ("SJM" or in conjunction with Patel, the "Debtors"), by and through its counsel, Obermayer Rebmann Maxwell & Hippel LLP, hereby moves this Court for an entry of a final decree and an order closing the Debtors' Chapter 11 bankruptcy proceeding (the "Motion"); and in support thereof aver as follows:

**I.    JURISDICTION AND VENUE**

1.    This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A).

2.    The statutory predicates for the relief requested herein are Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") 3022 and Local Rules for the United States Bankruptcy Court for the Eastern District of Pennsylvania 9014-3.

**II.    BACKGROUND**

3.    On March 10, 2015 (the "Patel Petition Date"), Patel filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (as amended, the "Bankruptcy Code"), in the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Bankruptcy Court").

1

5242034

4. On March 19, 2015 (the "SJM Petition Date"), SJM filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

5. On May 6, 2015, this Court entered an Order granting joint administration of the Debtors.

6. On December 4, 2017, the Bankruptcy Court entered an Order confirming (the "Confirmation Order") the Second Amended Joint Plan of Reorganization of the Debtors dated October 16, 2017 (the "Plan").

7. Patel has made his Initial New Value Contribution and January 2018 Payments.

8. Patel is in the processes of liquidating the Strawberry Street Condo and believes he will make the distribution from the proceeds by year end.

9. As provided in Fed. R. Bankr. P. 3022, "[a]fter an estate is fully administered in a Chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest shall enter a final decree closing the case." The 1991 Advisory Committee notes to this Rule states that:

> Entry of a final decree closing a Chapter 11 Case shall not be delayed solely because the payments required by the plan have not completed. Factors that the court should consider in determining whether the estate has been fully administered include (1) whether the order confirming the plan has become final, (2) whether deposits required by the plan have been distributed, (3) whether the property proposed by the plan to be transferred has been transferred, (4) whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan, (5) whether payments under the plan have commenced, and (6) whether all motions, contested matters, and adversary proceedings have been finally resolved.

Advisory Committee Notes (1991); see also, In re Omega Optical, Inc., 476 B.R. 157, 167 (Bankr. E.D.Pa. 2012).

10. Here, the order confirming the Plan has become final; disbursements to claimants have been made pursuant to the Plan; and pursuant to the Plan the only remaining contested matter is against Jatin Patel, including, but not limited to, the adversary proceeding pending before the Court under adversary proceeding no. 17-89-amc and the nondischargeability adversary proceeding pending in connection with Jatin Patel's Chapter 7 proceeding in the U.S. Bankruptcy Court for the District of New Jersey adversary proceeding no. 17-1554-MBK (collectively, the "Jatin Action"); and collection of the settlement proceeds resolving the $30,000 claim against Sechin Patel in the amount of $250.00/month payable on a monthly basis for 120 months until the claim against Sechin Patel is paid in full (the "Sechin Action" and collectively with the Jatin Action, the "Assigned Causes of Action") were transferred and assigned to Toroni Real Estate Partnership.

11. The Debtors reasonably believe that any outstanding reports will be filed prior to a hearing on the Motion.

12. The Debtors aver that any outstanding payments owed to the Office of the United States Trustee will be made prior to or contemporaneously with the hearing on the Motion.

13. The Debtors respectfully submit that with the exception of the distribution to general unsecured creditors, which is imminent, and the final payment of the Trustee's fees, the estate of the Debtors has been fully administered and the Plan has been substantively consummated.

14. The Debtors, therefore, requests that this Honorable Court enter a final decree closing the bankruptcy case.

WHEREFORE, the Debtors respectfully request this Honorable Court enter a Final Decree and close the Chapter 11 Cases of the Debtors, and for such other and further relief as this Court deems just.

                    Respectfully submitted,

Dated: July 10, 2018        By: */s/ Michael D. Vagnoni*
                              Michael D. Vagnoni, Esquire
                              Angela L. Baglanzis, Esquire
                              Obermayer Rebmann Maxwell & Hippel LLP
                              Centre Square West
                              1500 Market Street, Suite 3400
                              Philadelphia, PA  19102
                              Phone:  (215) 665-3066
                              Fax:  (215) 665-3165

                              *Attorneys for Debtors Mayur Patel and SJM Limited, LLC*